PER CURIAM. Has the district court, in bankruptcy, power to order the sale, free from incumbrances, of a bankrupt's real estate, which is at the time bound by the lien of judgments and other incumbrances, under state laws? This is the only "question" which these bills are brought to review, the district court having refused the orders prayed for, solely on the ground that it had no power to make them. It must now have an affirmative answer. The power is given by the 1st section of the bankrupt act, by which the jurisdiction of the court is extended "to the ascertainment and liquidation of the liens and other specific claims" in the bankrupt's assets "to the adjustment of the priorities and conflicting interests of all parties," and "to the marshalling and disposition of the different funds and assets, so as to secure the rights of all parties, and due distribution of the assets among all the creditors." Under the bankrupt act of 1841 [5 Stat. 440], less comprehensive and explicit provisions were held by the supreme court to confer this power. Ex parte Christy, 3 How. [44 U. S.] 292, and Houston v. City Bank, 6 How. [47 U. S.] 468. And in numerous cases, under the present law, the possession of such power by the bankrupt court is maintained. See cases referred to in Bump, Bankr. 323, note c, and also Markson v. Heaney [Case No. 9,098]. The denial of the order prayed for in both cases must be reversed, and the cases remanded to the district court to the end, that upon a proper application and notice thereof to the lien creditors, such order may be made in the premises as shall appear to it to be most conducive to the interest of all the creditors.

RHODES (BELL v.). See Case No. 1,264.

## Case No. 11,747.
RHODES v. BROOKE.
[1 Cranch, C. C. 206.] [1]
Circuit Court District of Columbia. Dec. Term, 1804.

BAIL—WHEN TAKEN—ASSIGNMENT.

The defendant may give special bail at any time during the return term, although the plaintiff may have taken an assignment of the bail-bond.

Mr. Woodward, for defendant, moved to enter special bail.

Mr. Hewitt, for plaintiff, objects that he had taken an assignment of the bail-bond, and contended that the defendant has no right to give special bail after the four first days of the term.

Cur. ad. vult. Motion granted, and special bail given; THE COURT being of opinion that the defendant should have the whole term to give special bail.

[1] [Reported by Hon. William Cranch, Chief Judge.]

RHODES (FOSTER v.). See Case No. 4,981.

## Case No. 11,748.
RHODES v. HADFIELD.
[2 Cranch, C. C. 566.] [1]
Circuit Court, District of Columbia. May Term, 1825.

LIMITATION OF ACTIONS — ACKNOWLEDGMENT TO TAKE OUT OF STATUTE—NOTES—INDORSEMENT BY ADMINISTRATRIX.

1. In an action by the indorsee of a promissory note, against the maker, upon the plea of limitations, evidence that the note, within the last three years before the commencement of the suit, was presented to the defendant, who acknowledged it to be his note, and that it had not been paid, and said the note had been of long standing, and that he should resist payment, but offered terms of compromise which were not accepted, is evidence of such an acknowledgment of the debt as takes it out of the statute.

[See Ash v. Hayman, Case No. 572.]

[Cited in brief in Chambers v. Rubey, 47 Mo. 99.]

2. If the defendant pays part of the money due upon the note, to the widow of the payee, who indorses a receipt therefor on the note, and signs her name as administratrix, and the defendant promises to pay her the residue if time should be given, and she afterwards indorses the note to the plaintiff, no other proof of her right so to indorse the note is necessary upon the trial; the declaration having averred that letters of administration had been granted to her, and the pleas being non assumpsit and the statute of limitations.

Assumpsit by the indorsee of the defendant's promissory note for $132, dated November 19, 1814, payable, with interest, two years after date, to the order of W. Rhodes, father of the plaintiff [William Rhodes]. The present action was commenced on the 4th of September, 1822. The defendant [George Hadfield] pleaded non assumpsit and the statute of limitations. At the bottom of the note was written the following receipt: "February 12, 1821, received $5 on the above. Mildred Rhodes, Administratrix."

G. Beale, a witness, testified that within the three years, &c., he called upon the defendant with the note and demanded payment. The defendant said he could not pay it; admitted it to be his note, and that it had not been paid, except $5; said the note was of long standing, and that he should resist the payment; he however offered to settle it in some way, but the witness refused to compromise.

Mr. Beale and Mr. Worthington, for plaintiff, contended that the evidence so given, if believed by the jury, was sufficient evidence of such an acknowledgment of the debt as took the case out of the statute of limitations.

Mr. Wallach, for defendant, cited the case of Ash v. Hayman [Case No. 572], in this court, at April term, 1824, and Clementson v. Williams, 8 Cranch [12 U. S.] 72.

[1] [Reported by Hon. William Cranch, Chief Judge.]